IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,898-01




EX PARTE DANIEL SAUCEDO BARRERA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 96-CR-556-A IN THE 107TH DISTRICT COURT
FROM CAMERON COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
marihuana and sentenced to four years’ imprisonment. He did not appeal his conviction.
            Applicant contends that before pleading guilty he asked counsel whether he might be
deported and counsel responded, “Nah don’t worry about it.” The trial court made findings of fact
and conclusions of law and recommended that we deny relief. We believe that the record is not
adequate to resolve Applicant’s claim. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Padilla v. Kentucky, 559 U.S. ___ (2010). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to
respond to Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact as to whether Applicant is suffering collateral
consequences from this conviction. Tex. Code Crim. Proc. art. 11.07, § 3(c). If so, the trial court
shall then make findings of fact as to whether counsel advised Applicant that if he pleaded guilty he
would not be deported. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: December 15, 2010
Do not publish